UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNN FRALEY ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| CAPITAL MANAGEMENT ) | |
| SERVICES, LP ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Lynn Fraley, by and through her undersigned counsel, Joshua Dubs, Esquire, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Lynn Fraley, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant transacts business in the District and maintains an n office in this District.

### III.  PARTIES

4.      Plaintiff, Lynn Fraley, is an adult natural person residing at 1991 N. Sage Drive, Casa Grande, AZ 85122.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Capital Management Services, LP. ("Defendant"), at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the State of Arizona with their principal place of business located at 726 Exchange Street, Suite 700, Buffalo, New York 14210.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      In or around February, 2010, Plaintiff began receiving calls from Defendant in regards to a debt allegedly owed to Sears.

8.      Defendant informed Plaintiff that she owed a balance of approximately $10,972.00.

9.      At that same time, Plaintiff informed the Defendant that she had retained personal legal counsel to help aid her in her debt settlement negotiations and that they would need to call her attorney directly on this matter.

10.     Defendant said that they would never work with her attorney.

11. Plaintiff continued to receive calls from the Defendant collecting on this account several times a month.

12. Each time Defendant and their agent would call; Plaintiff would ask them to contact her personal counsel.

13. In early August, 2010 an agent of the Defendant called and when Plaintiff asked her to call attorney, the agent ended the call.

14. On or about August 16, 2010, an agent of the Defendant called and spoke with the Plaintiff's daughter, Amy, stating that he was a representative for Sears.

15. Defendant's agent refused to give his name.

16. Plaintiff's daughter told the agent that he would need to call her mother's attorney.

17. Defendant's agent said that he knew that the Plaintiff had an attorney.

18. When asked by Plaintiff's daughter why he was calling then, the agent said that he can do whatever he wants.

19. Plaintiff's daughter ended the call.

20. On or about August 17, 2010, Plaintiff's attorney sent a "cease and desist" letter to the Defendant. **See Exhibit "A" (letter) attached hereto**.

21. Plaintiff continues to receive calls to her home, despite the "cease and desist" letter.

22. Any and all contact with the Plaintiff after knowledge that they were being represented by an attorney constitutes a violation of the Fair Debt Collection Practices Act.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of

§§ 1692c(a)(2):   After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

| | | |
|---|---|---|
| | §§ 1692c(c): | After written notification that consumer refuses to pay debt or that consumer wants collector to cease communication |
| | §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| | §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| | §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Capital Management Services, LP for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                 **Respectfully submitted,**

Date: December 6, 2010                    BY: /s/ Joshua E. Dubs

                                                 Joshua E. Dubs, Esquire
                                                 485 Michigan Avenue
                                                 Suite 5
                                                 Buffalo, NY 14203
                                                 716-854-2050 / Fax: 716-852-0560
                                                 Email: joshdubsesq@gmail.com
                                                 Attorney for Plaintiff